```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| LOUIS WHITNEY,<br>    Plaintiff | )<br>)<br>) |
| v. | )  C.A. No. 14-10312-MLW<br>) |
| DAVID SKINNER, ET. AL.,<br>    Defendants. | )<br>) |

### MEMORANDUM AND ORDER

WOLF, D.J.                                              June 9, 2016

On January 27, 2016, the court ordered plaintiff Louis Whitney's counsel Jonathan Plaut, Esq. to "pay to the Clerk of the United States District Court, $500.00 as a sanction for his failure to appear as ordered for the January 26, 2016 hearing." On February 5, 2016, Mr. Plaut filed a Motion for Reconsideration. On February 24, 2016, the court held a hearing on the motion. Mr. Plaut represented at the hearing that his failure to appear was not willful and that he would in the future obey all court orders and the requirements of the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"). On February 25, 2016, the court allowed the Motion, vacating the $500 sanction and warning that "if Mr. Plaut is sanctioned for any future conduct, the sanction which otherwise would be imposed shall be increased by $500."

On April 15, 2016, Mr. Plaut filed a Motion to Quash a subpoena issued to Mr. Whitney's health insurer for his medical

records (the "Motion to Quash"). On April 27, 2016, the defendants filed an opposition to the Motion to Quash and a Cross-Motion to Compel Mr. Whitney to produce his medical records from July 14, 2008 to July 14, 2013, including records from his primary care physicians (the "Cross-Motion"). On May 11, 2016, Mr. Whitney filed a reply.

The Motion to Quash was not accompanied by a separate memorandum of reasons or supporting affidavit as required by Local Rule 7.1(b)(1). Instead, plaintiff cited one case in the motion, which describes some of the matters that should be considered in deciding a motion to quash. See Motion to Quash at 2. Plaintiff did not submit an affidavit or any other evidence to support his contention that the Motion to Quash is meritorious.

In addition, the Motion to Quash did not comply with Local Rule 7.1(a)(2), which states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The defendants represent in the Cross-Motion that "[t]he Plaintiff failed to confer with Defendants' counsel prior to filing the Motion to Quash on April 15, 2016, as required by the rules of the District Court." The requirement that counsel confer before a motion is filed is important to assuring that only genuine disputes are presented to the court and, therefore, to conserving scarce judicial resources. See Converse, Inc. v. Reebok Int.'l Ltd., 328 F. Supp. 2d 166, 171

(D. Mass. 2004). Local Rule 1.3 provides that a failure to comply with any provision of the Local Rules may justify the imposition of sanctions. See also Converse, 328 F. Supp. 2d at 170.

The court finds that it is necessary and appropriate to sanction Mr. Plaut for the continued violation of Orders and Local Rules his failure to confer before filing the Motion to Quash represents. See Local Rule 1.3. In view of the warning provided when the Motion for Reconsideration of the previously imposed sanction was granted, the $250.00 sanction that would otherwise be imposed is being increased to $750.00.

In view of the foregoing, it is hereby ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 1.3, Jonathan Plaut, Esq. shall, by June 20, 2016, pay to the Clerk of the United States District Court, $750.00 as a sanction for violating Local Rule 7.1(b)(1) with regard to the Motion to Quash.

2. A hearing on the Motion to Quash (Docket No. 70) and Cross-Motion to Compel (Docket No. 75) shall be held on June 13, 2016, at 3:30 p.m.

/s/ _____
UNITED STATES DISTRICT JUDGE